## READ v. MARTY.

Ohio Appeals, 7th Dist., Carroll Co.

Decided Dec. 7, 1927.

Farr and Roberts, JJ., of the 7th Dist., Lemert, J., of the 5th Dist., sitting.

First Publication of this Opinion.

Syllabus by Editorial Staff.

593. GUARDIAN AND WARD—725. Limitation of Actions.

Action, to re-open account of guardian, within two years after ward becomes of age, authorized by 10991 GC.

297. CONTRACTS—769. Minors.

Contract of minor, employing attorneys to prosecute claim for compensation before Industrial Commission, held voidable.

114. ATTORNEY'S FEES—1283. Workmen's Compensation Act.

Intent and purpose of legislature, that injured employees and their defendants should not be made to bear burden of attorney fees.

Error to Common Pleas.

Judgment affirmed.

Walter R. East, Akron, for Read.

Garver & Badger, Millersburg, for Marty.

STATEMENT OF FACTS.

The action, in the Court below, was to reopen the account of plaintiff in error, filed by him as guardian of defendant in error, in the Probate Court of Carroll County and to surcharge said guardian with $1,855 and interest. The Common Pleas rendered a judgment for plaintiff below for $1,755 with interest. Error is prosecuted on the ground that such judgment is contrary to law, is not sustained by the evidence and is against the weight of the evidence.

The defendant in error, Edith Pearl Marty, formerly Edith Pearl Stewart, was born, it is claimed, on Sept. 9, 1905, and reached full age on Sept. 8, 1926. On Oct. 29, 1919, while employed by the Firestone Tire & Rubber Co. at Akron, she suffered certain injuries. On Sept. 25, 1920, she made a contract to employ Lloyd R. Read and Walter R. East as her attorneys to prosecute her claim for compensation before the Industrial Commission. On Jan. 21, 1924, Read was appointed her guardian and on April 15, 1925, received, in satisfaction of her claim, $3,510. A little later, in the same action, an allowance of an attorney fee was made in said cause by the Court of Common Pleas of Summit County, of $1,170, which was also paid by the Industrial Commission. On Sept. 25, 1920, said guardian paid an additional attorney fee of $1,755 to Walter R. East, claiming the right to do so by virtue of the above mentioned contract, which contract was also signed by the father and mother of Edith Pearl Stewart, who had been adjudged an incompetent person prior to the appointment of said guardian. The expenses incident to the litigation of said claim, amounting to $744.73, were paid by the guardian and charged to his ward's estate, including an attorney fee of $100 to Eugene Carlin, Esq., who assisted in the prosecution of the claim before the Industrial Commission. Upon the final settlement of accounts between the guardian and his ward, there remained a balance due the ward of $1,010.27, counsel fees having been deducted from the original amount in the sum of $3,025 all told.

There is no dispute but that in the settlement of the affairs of this guardianship, the alleged contract of employment was insisted upon as a valid agreement. However, on June 19, 1925, the guardian was notified by his ward that she was dissatisfied with the settlement of her estate, which amounted to a disaffirmance of a voidable contract, providing she was not of full age when it was entered into and thereafter, on the 20th day of October, 1926, this action was begun in the Carroll Common Pleas to have said account reopened, and corrected.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

FARR, J.

It is insisted that the judgment so entered is contrary to law. However, authority for this proceeding is found in Section 10991 GC. Errett, Gdn., v. Howert, 78 OS. 109. Therefore, the action below was brought within the statutory period of two years, within which time such action may be brought; Sec. 10954 GC. Likewise, the right has been determined in a number of cases in this jurisdiction, and to which it is not now necessary to refer.

It is readily apparent from the record in this case, and in fact it is not seriously disputed, that at the time the contract of employment was attempted to be entered into with said attorneys, on the 25th day of September, 1920, that the defendant in error had not yet attained her majority.

There is some dispute as to the construction to be placed upon the testimony of Judge Specht of the Probate Court of Carroll County as to whether or not he was made aware of the fact at the time he approved the expense account of the guardian, that an attorney fee of $1,170 had already been allowed and paid to counsel for Miss Stewart.

This statutory provision is to be found in Section 1465-90 GC., which has undergone some changes in the passing years. But having in mind the character of this remedial act known as the Workman's Compensation Law, it becomes quite clear that it was the intent and purpose of the legislature, that injured employees and their dependants should not be made to bear the burden of attorney fees. In fact, one of the lower courts, has held in Ohio, the title of which case cannot be recalled, that a contract for a contingent fee in addition to a statutory allowance to be paid by the Commission, could not be enforced. However, the attempted contract for the allowance of fifty per cent of the amount recovered as additional attorney fees can hardly be enforced under the circumstances of the instant case.

The one outstanding fact that counsel received almost three times the amount of money out of the fund obtained, as the beneficiary herself, can not well be justified and especially is this true where a minor child is involved and where the relation of guardian and ward is sustained also; the fact that the $100 fee to Mr. Carlin was paid out of the ward's part of the amount paid by the Commission, together with all other expenses, is certainly leaving the transaction in an unfavorable situation, and which, of itself, indicates that the Probate Judge of Carroll County scarcely could have been given clearly to understand the facts actually obtaining in the case.

And having in mind the allowance of the Court of Common Pleas of Summit County, which was of and in itself, a substantial sum, the conclusion is, that the judgment entered by the Court below with reference to the amount involved is right, and that it should be affirmed, and it is so ordered.

(Lemert and Roberts, JJ., concur.)